IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MUSCLE SHOALS ELECTRIC
BOARD, INC.,

      Plaintiff,

v.                                           Civil Action No. CV-01-J-2786-NW

ALUCHEM, INC.,

      Defendant.

**MEMORANDUM OPINION**

Currently pending before the court is the defendant's motion for summary judgment (doc. 6), memorandum of law with attached evidentiary materials, and reply brief. The plaintiff submitted a brief in opposition thereto with supporting evidentiary materials (doc. 9). The court has reviewed the motion, the memoranda of law, and the evidentiary submissions of the parties. Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the defendant's motion for summary judgment is due to be **GRANTED**.

**I. Procedural History**

Plaintiff commenced this action on September 27, 2000, by filing a complaint in the Circuit Court of Colbert County, Alabama. Defendant subsequently filed a notice of removal (doc.1) pursuant to 28 U.S.C. § 1446, which brought the instant action before this court on diversity of citizenship grounds. Plaintiff seeks damages due to an alleged breach of contract.

## II. Factual Background

Aluchem, Inc. ("defendant") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio. Notice of Removal at ¶5. Muscle Shoals Electric Board, Inc. ("plaintiff") is a corporation organized under the laws of the State of Alabama, with its principal place of business in the State of Alabama. Notice of Removal at ¶4.

On April 7, 1999, the parties entered into a contract entitled: "Power Contract Between Muscle Shoals Electric Board and Aluchem, Inc" ("Power Contract").[1] Pla. Ex. 1, att. F. The contract called for plaintiff to supply and defendant to take and pay for all the electricity necessary for the operation of defendant's facility on the Tennessee Valley Reservation. Pla. Ex. 1, att. F at ¶1. Additionally, the contract specified that "[t]his contract shall begin on the date the delivery of electricity hereunder is actually begun . . ." Pla. Ex. 1, att. F. at ¶5.

After the parties signed the contract, plaintiff ordered the equipment necessary to deliver electricity and began to install transmission lines and construct a substation transformer as required by the contract. Affidavit of Rickey Thomas at 6. On February 15, 2000, Matt Painter, defendant's project manager and Rickey Thomas, the Manager and Chief Operating Officer of the Muscle Shoals Electric Board, held a meeting. At the

---

[1] The defendant disputes that it entered into a contract with plaintiff. Defendant insists that the plaintiff contracted with Aluchem Fused Mineral Products, L.L.C. ("Aluchem FMP"). For purposes of defendant's summary judgment motion only, the court assumes that the plaintiff has sued the proper defendant. The court need not decide whether Aluchem FMP or Aluchem, Inc. contracted with plaintiff, however, because, as will be discussed below, no obligation arose under the contract.

meeting, Mr. Painter informed Mr. Thomas that defendant would no longer require the power specified under the contract. Thomas aff. at 4-5. After the meeting, plaintiff halted constructing the substation and did nothing further to deliver power to defendant's facility. Thomas aff. at 6. At no time did plaintiff deliver electricity to defendant's facility. Affidavit of Ron Bell at ¶¶ 10-11; Affidavit of William Kist at ¶3.

### III. Standard of Review for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file'

designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed. R. Civ. Pro. 56(e)). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 106 S.Ct. at 2511. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S.Ct. at 2512.

## IV. Analysis

The defendant raises two arguments in support of its motion for summary judgment. First, it insists it is not the proper defendant in this action.[2] Second, defendant argues that it never incurred an obligation to purchase power under the contract. The plaintiff argues that a binding contract existed between the parties and notes that "it was understood and agreed by the parties that if the minimum bill and charges as provided for in the Power Service Contract were not met, Aluchem would be liable for the cost expended by [plaintiff]." Pla. brief at 7; Thomas aff. at 7. Moreover, states plaintiff, defendant's request in February 2000 to buy-out the contract is a clear indication that Aluchem, Inc. recognized this obligation. Thomas aff. at 7.

In reading the Power Contract, the court applies ordinary rules of contract construction. "General contract law requires a court to enforce, as it is written, an unambiguous and lawful contract. A court may not make a new contract for the parties or rewrite the contract under the guise of construing it." *Universal Life Ins. Co. v. Dutton*, 736 So.2d 564, 570 (Ala. 1999). "Whether an agreement is ambiguous is a question of law for the trial court." *Terry Cove North v. Baldwin County Sewer Authority, Inc.*, 480 So.2d 1171, 1173 (Ala.1985). "The mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous." *Englund's Flying*

---

[2]As noted above, the court need not and will not address this argument.

*Serv., Inc. v. Mobile Airport Auth.*, 536 So.2d 1371, 1373 (Ala.1988). "In order to ascertain the intentions of the parties, the clear and plain meaning of the terms of the agreement are to be given effect, and the parties are presumed to have intended what the terms clearly state." *Terry Cove North*, 480 So.2d at 1173. "Extrinsic evidence may be admitted only if the court finds that the contract is ambiguous." *Id.*

Upon reviewing the contract, the court concludes that it is unambiguous. The evidence offered by the plaintiff in its attempt to show that defendant recognized the existence of an obligation to the plaintiff for costs expended by plaintiff is extrinsic, and the court may not consider it. *See, e.g., Englund's Flying Service, Inc.*, 536 So.2d at 1373. The terms of the contract clearly state that "[t]his contract shall begin on the date the delivery of electricity hereunder is actually begun . . . ." Pla. Ex. 1, att. F. The contract does not call for plaintiff to reimburse plaintiff for its expenses. As the plaintiff never delivered power to the defendant's facility, the court must conclude that the defendant did not incur an obligation under the contract to purchase power nor reimburse the plaintiff for its expenses.

## V. Conclusion

The court, finding that there are no genuine issues of material fact in dispute, and that the defendant is entitled to judgment in its favor as a matter of law, **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiff's claims are **DISMISSED WITH PREJUDICE.** Each party is to bear its own costs.

**DONE** this _/2_ day of April, 2002.

INGE P. JOHNSON
U.S. DISTRICT JUDGE